UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA
FLORENCE DIVISION

| | |
|---|---|
| Vicki Redden, )<br>)<br>       Plaintiff, )<br>  vs. )<br>)<br>South Carolina Department of )<br>Mental Health and Pee Dee )<br>Mental Health Center, )<br>)<br>       Defendant. )<br>_____) | Civil Action No.: 4:05-3504-RBH<br><br><br>**ORDER** |

    This is an action brought pursuant to Title VII, 42 U.S.C. § 2000e, *et seq*. alleging retaliation for making a complaint of sexual harassment. Plaintiff complained that a supervisor (Sullen) had sexually harassed a co-worker (Graham), and that she was later demoted and transferred to a work unit farther from her home. She contends that her employer retaliated against her for making the complaint.

    This matter is before the Court for review of the Report and Recommendation of United States Magistrate Judge Thomas E. Rogers, III, made in accordance with 28 U.S.C. §636(b)(1)(B) and Local Rule 73.02 for the District of South Carolina.

    In conducting its review, the Court applies the following standard:

> The magistrate judge makes only a recommendation to the Court, to which any party may file written objections . . . . The Court is not bound by the recommendation of the magistrate judge but, instead, retains responsibility for the final determination. The Court is required to make a *de novo* determination of those portions of the report or specified findings or recommendation as to which an objection is made. However, the Court is not required to review, under a *de novo* or any other standard, the factual report and recommendation to which no objections are addressed. While the level of scrutiny entailed by the Court's review of the Report thus depends on whether or not objections have been filed, in either case, the Court is free, after review, to accept, reject, or modify any of the magistrate judge's findings or recommendations.

Wallace v. Housing Auth. of the City of Columbia, 791 F. Supp. 137, 138 (D.S.C. 1992) (citations omitted).

### Report and Recommendation

In his Report and Recommendation filed on August 17, 2007, the Magistrate Judge recommends that the defendant's motion for summary judgment be denied. The defendant filed objections to the Report on September 11, 2007. The objections allege (1) that the Magistrate Judge improperly considered the SCHAC investigator's handwritten telephone interview notes to find a genuine issue of material fact as to pretext and (2) that the Magistrate Judge incorrectly construed binding precedent in finding that the plaintiff engaged in protected activity. Plaintiff filed a Reply on September 26, 2007.

### SUMMARY JUDGMENT STANDARD

Summary judgment "shall be rendered forthwith if the pleadings, depositions, answers to interrogatories, and admissions on file, together with affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law." Fed. R. Civ. P. 56(c). Once the moving party makes the showing, however, the opposing party must respond to the motion with "specific facts showing there is a genuine issue for trial." Fed. R. Civ. P. 56(e).

When no genuine issue of any material fact exists, summary judgment is appropriate. *Shealy v. Winston*, 929 F.2d 1009, 1011 (4th Cir. 1991). The facts and inferences to be drawn from the evidence must be viewed in the light most favorable to the non-moving party. *Id*. However, "the mere existence of some alleged factual dispute between the parties will not defeat an otherwise properly supported motion for summary judgment; the requirement is that there be no genuine issue of material fact." *Id*., *quoting Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 247-48 (1986).

Summary judgment should only be granted in those cases where there is no issue of fact involved and inquiry into the facts is not necessary to clarify application of the law. *McKinney v. Board of Trustees Mayland Community College*, 955 F.2d 924 (4th Cir. 1992). A district court should not grant summary judgment "unless the entire record shows a right to judgment with such clarity as to leave no room for controversy and establishes affirmatively that the adverse party cannot prevail under the circumstances." *Campbell v. Hewitt, Coleman & Assoc.*, 21 F.3d 52, 55 (4th Cir. 1994).

Based on the briefs and information submitted,[1] I find that there are genuine issues of material fact precluding summary judgment. At this stage, it is not the Court's function to weigh the evidence, but rather to determine whether there is a genuine issue of fact which justifies a trial. *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 249-50 (1986).

### Defendant's Objections

**1. Consideration at Summary Judgment Stage of Notes by SHAC Investigator on the Issue of Pretext**

Defendant contends that the Magistrate Judge erroneously relied upon notes by the SHAC investigator in finding sufficient evidence of pretext to survive summary judgment. Defendant contends that the notes are not factual findings from an investigation as contemplated by Fed. R. Evid. 803(8)(C); they do not support the factual proposition on which they were relied by the Magistrate Judge; and they are irrelevant.

Plaintiff filed a Reply to the Objections in which she alleges that the Magistrate Judge relied on facts contained in the agency determinations rather than solely on notes by the investigator and that the factual findings from the SHAC and EEOC determinations were properly considered.

---

[1] Under Local Rule 7.08, "hearings on motions may be ordered by the Court in its discretion. Unless so ordered, motions may be determined without a hearing."

In reviewing the evidence presented, the Court finds that the plaintiff has presented sufficient evidence of pretext to avoid dismissal at the summary judgment stage.[2] Defendant has taken the position that a counseling sheet presented to the plaintiff regarding rumors that she allegedly spread about the alleged sexual harassment provides the legitimate, non-discriminatory reason for the employment actions. Plaintiff, on the contrary, submits that the reasons are "unworthy of credence." (Memorandum in Opposition to Motion for Summary Judgment, p. 14). Plaintiff submits that the defendants have presented no witness who can testify that the plaintiff discussed the allegations of sexual harassment with anyone other than Graham, the alleged victim of the harassment, and Dr. Keith, the member of management to whom she made her complaint. Plaintiff alleges that other evidence of pretext is that four other employees allegedly reported the supervisor's behavior to management, none of whom were disciplined. In addition, plaintiff contends that the fact her counseling sheet refers to her report of the alleged harassment creates an issue of fact as to retaliatory motive, since such motive may be shown by evidence that the defendants refer to the protected activity in connection with the adverse employment action. *See Blizzard v. Newport News Redevelopment & Housing Authority*, 670 F. Supp.1337 (E.D.Va. 1984). Plaintiff also argues that the fact the defendant consulted with the alleged harasser in connection with her job transfer raises questions of pretext. The Court finds that the record barely contains sufficient evidence of pretext to withstand the motion summary judgment.

---

[2] While the Court has taken into consideration all of the evidence submitted, including the SHAC report and notes for purposes of the summary judgment motion, the plaintiff is given fair warning that this report and notes, particularly hearsay portions of it, may not necessarily be admissible at trial.

4

**2. Proof of Protected Activity under Recent Case Law**

Recent case law[3] requires that an employee have an objectively reasonable belief that a Title VII violation is occurring in light of <u>all</u> the circumstances in order for protected activity to be found. Having reviewed the record, the Court believes that the facts of the case at bar, when taken in a light most favorable to the plaintiff, show that she may arguably have had an objectively reasonable belief that a violation of Title VII was occurring. Several facts buttress such an objectively reasonable belief. Plaintiff testified that the alleged victim of the harassment approached her about the situation and that she was "very upset". In addition, there was evidence that four other employees reported the alleged harassment. Additionally, the record contains plaintiff's supervisor Melton's testimony that Graham spoke to her about her allegations regarding Sullen. The Court notes that it appears the evidence is just enough to survive summary judgment as to whether the plaintiff engaged in a protected activity. As noted in *Jordan*, 458 F.3d at 342, the *Navy Federal* objective reasonableness standard serves to protect the employee in a close case.

Based on a review of the record, the Court finds that, looking at the record in a light most favorable to the plaintiff, factual issues exist and that summary judgment should be denied. The Court adopts the Report and Recommendation of the Magistrate Judge.

For the foregoing reasons, the undersigned **DENIES** the defendant's [19] motion for summary judgment. The [20] motion to stay scheduling order deadlines is rendered moot.

---

[3] *Clark County Sch. Dist. v. Breeden*, 532 U.S. 268 (2001); *EEOC v. Navy Federal Credit Union*, 424 F.3d 397 (4th Cir. 2005); and *Jordan v. Alternative Resources Corp.*, 458 F.3d 332 (4th Cir. 2006).

**AND IT IS SO ORDERED.**

s/ R. Bryan Harwell<br>R. Bryan Harwell<br>United States District Court Judge

September 27, 2007
Florence, South Carolina